**Watupongoh HENOK; Yuliati Henok, Petitioners,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73150.

Agency Nos. A79–193–962, A78–491–195.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Dec. 29, 2003.

Eric P. Lin, Esq., Law Offices of Carol L. Edward, Seattle, WA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, Robert M. Loeb, Esq., U.S. Department of Justice, Civil Division, Washington, DC, Robbin K. Blaya, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Husband and wife, Watupongoh Henok (Mr. Henok) and Yuliati Henok (Mrs. Henok), appeal from the Board of Immigration Appeals' (BIA) per curiam decision affirming, without opinion, the immigration judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture. We presume that the parties are familiar with the facts of the case and refer to them only as necessary in this disposition. For the reasons stated below, we affirm.

■ 1. The BIA possesses broad discretion to grant extensions of time within which to file briefs or to consider untimely filings. 8 C.F.R. § 1003.3(c)(1) (2003). Here, the BIA was within its discretion to deny the Henoks' second request for ex-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tension of time within which to file their briefs. The Henoks had the opportunity to present evidence of their entitlement to protection before the IJ. The BIA had also adequately warned the Henoks that it would not likely grant another extension, which placed them on notice. Moreover, the Henoks failed to file a late brief along with a motion for consideration of their late-filed brief. Accordingly, the BIA did not abuse its discretion in not granting the Henoks a second extension.

■ 2. In his oral opinion, the IJ concluded that the Henoks failed timely to file their applications for asylum under 8 U.S.C § 1158. Section 1158 provides that an asylum applicant must demonstrate by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States, 8 U.S.C. § 1158(a)(2)(B) (2003); nevertheless, the statute allows the Attorney General to consider an application filed outside the one-year period "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)," *id.* § 1158(a)(2)(D). The statute further provides, however, that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." *Id.* § 1158(a)(3); *see also Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002) ("We lack jurisdiction to review the BIA's determination that no 'extraordinary circumstances' excused Petitioner's untimely filing of his application for asylum."). Given the plain language of section 1158(a)(3) and the interpretation thereof in *Molina–Estrada,* we conclude that this court lacks jurisdiction to review the IJ's decision that the

Henoks filed their asylum application outside the one-year period.

■ 3. We assume for purposes of this disposition that the Henoks' testimony was credible; nonetheless, we conclude that they failed to produce sufficient evidence to demonstrate their eligibility for withholding of removal. To obtain reversal, a petitioner must show that "the evidence not only supports that conclusion, but compels it." *Molina–Estrada,* 293 F.3d at 1093 (internal quotation marks and emphasis omitted). And where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft,* 335 F.3d 1009, 1014 (9th Cir. 2003), *as amended sub nom. Bibiano Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003).

The IJ did not err in concluding that the Henoks did not demonstrate a "clear probability of persecution" if returned to Indonesia. *See Kataria v. INS,* 232 F.3d 1107, 1113 (9th Cir.2000) (internal quotation marks omitted). The Henoks presented evidence that they had endured religious-based violence: Mrs. Henok had been treated violently by her family when they learned of her marriage to Mr. Henok and her subsequent conversion to Christianity; moreover, Mr. and Mrs. Henok suffered at least one beating that was religiously induced. Nonetheless, the Henoks failed to produce sufficient evidence to compel the conclusion that the Indonesian government was responsible for their persecution or was unable or unwilling to control it, and more notably, that they would not be able to settle in other areas of Indonesia where Mrs. Henok's family members would not be present. Accordingly, we conclude that the Henoks are not entitled to withholding of removal.

4. The IJ determined that the Henoks had not adequately shown that they were entitled to protection under the Conven-

tion Against Torture because they had not shown that the Indonesian government had participated or acquiesced in the violence against them. We conclude that this issue was not sufficiently developed in the Henoks' opening brief to warrant our review on the merits. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not discussed or supported by argument in an opening brief are deemed waived).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.